UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MQ ASSOCIATES,

    Plaintiff,

vs.                                                CASE NO. 5:07cv81/RS/MD

NORTH BAY IMAGING, LLC, and
BRUCE WOOLUM,

    Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Before me is the Plaintiff's Motion for Summary Judgment (Doc. 89).

### I. FACTS

This diversity action involves the enforceability of a covenant not to compete clause in an employment contract. Plaintiff is the owner and operator of over ninety independent outpatient diagnostic facilities in thirteen states, including a location in Panama City, Florida that specializes in Magnetic Resonance Imaging ("MRI"), Computed Tomography Scans ("CT"), and x-rays. Plaintiff hired Defendant Woolum as an MRI technologist in its Panama City Center on July 17, 2000.

On January 1, 2003, Defendant Woolum executed an Optionee Non-Competition Agreement ("Agreement") with Plaintiff in consideration for the option to acquire MedQuest stock and continued at-will employment. The Agreement provides that Defendant Woolum will not, for a period of 24 months following the termination of his employment, solicit Plaintiff's employees or compete with Plaintiff within 25 miles of his former work locations. In order for Defendant Woolum to exercise the stock option, the

Agreement required Defendant Woolum to give Plaintiff written notice of his intent to purchase his shares and tender a check to Plaintiff for the price of the shares. The Agreement also provides that it shall be governed in accordance with the laws of the state of Delaware. The parties dispute whether Defendant Woolum was fraudulently induced into signing the Agreement and whether Defendant Woolum was able to exercise the stock option.

Less than a year later, Defendant Woolum was promoted to Center Manager of Plaintiff's Panama City Center and became Area Manager for Panama City on May 30, 2004. The following year, Defendant Woolum further assumed responsibility for Plaintiff's Panama City Beach and Centre Pointe Centers. On February 26, 2006 Defendant Woolum submitted a resignation letter to Plaintiff, with an effective date of March 17, 2006.

After submitting his resignation letter, Defendant Woolum formed Defendant North Bay Imaging, LLC ("North Bay") and became its managing member. Defendant North Bay leased a space less than two miles from Plaintiff's Panama City Center. In the summer of 2006, Defendant North Bay sought and obtained financing for its diagnostic image equipment from GE Commercial Finance. Defendant Woolum admits he intended to offer MRIs, CT scans, and Positron Emission Tomography ("PET") scans. On or around March of 2007, Defendant Woolum solicited Sara Stock, one of Plaintiff's employees, to work for him.

Plaintiff filed a motion for a Temporary Restraining Order against Defendant Woolum and Defendant North Bay on April 18, 2007. Following a hearing on April 24, 2007, I granted a preliminary injunction against Defendant Woolum and Defendant

North Bay for soliciting Plaintiff employees and engaging in competing MRI and CT services.

## II.  ANALYSIS

**A. The Summary Judgment Standard**

Under Fed. R. of Civ. P. 56(c), summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).  The "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986) (quoting Advisory Committee Note to 1963 Amendment of Fed. R. Civ. P. 56(e)).  A factual dispute is "'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).  A fact is "material" if it "might affect the outcome of the suit under the governing [substantive] law." Anderson, 477 U.S. at 248; Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998 (11th Cir. 1992).

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251, 106 S. Ct. at 2512.  The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant

has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S. Ct. 1598, 1608 (1970); Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993); Welch v. Celotex Corp., 951 F.2d 1235, 1237 (11th Cir. 1992). Thus, "[i]f reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." Miranda v. B & B Cash Grocery Store, Inc., 975 F.2d 1518, 1534 (11th Cir.1992) (citing Mercantile Bank & Trust v. Fidelity & Deposit Co., 750 F.2d 838, 841 (11th Cir.1985)). However, "[a] mere 'scintilla' of evidence supporting the [nonmoving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing Anderson, 477 U.S. at 251, 106 S. Ct. at 2511).

**B. Enforceability of the Agreement**

Under Delaware law, a two-step process determines whether a covenant not to compete clause in an employment agreement is enforceable. McCann Surveyors, Inc. v. Evans, 611 A.2d 1 (Del. 1987). First, the court must determine whether the covenant is valid under ordinary contract principles. Id.

Second, assuming the covenant is valid under ordinary contract principles, an agreement restricting competition will still be unenforceable, even at law, unless (a) its duration is reasonably limited temporally and its scope is reasonably limited geographically, and (b) its purpose is to protect legitimate interests of the employer and its operation is such as to reasonably protect those interests. Id. at 3.

**1. Validity of Covenant**

In determining whether the covenant not to compete is valid, the typical issues present in any action for breach of contract apply. Id. at 1.  These issues include, but are not limited to, whether a promise was made, whether it was supported by consideration, and whether a material breach of the other party excuses performance. Id. at 3.

Delaware law has determined that the retention of an employee at will in exchange for a covenant not to compete with the employer constitutes valid consideration.  Research & Trading Corp. v. Pfuhl, 1992 WL 345465, *9 (Del. Ch. 1992).  Thus, the Agreement is enforceable to the extent that it is supported by adequate consideration.  A genuine issue of material fact for trial remains, however, as to whether Defendant Woolum was fraudulently induced to enter into the Agreement and whether the alleged failure of the Plaintiff to permit the exercise of Defendant Woolum's stock option constitutes a material breach of the Agreement.

Therefore, I find it proper to grant partial summary judgment in Plaintiff's favor on the issue of consideration.  I find that the Agreement was supported by valid consideration.  Plaintiff's request for summary judgment on whether Defendant Woolum was fraudulently induced to enter into the Agreement and whether the alleged failure of the Plaintiff to permit the exercise of Defendant Woolum's stock option constitutes a material breach of the Agreement is denied.

**2. Reasonableness of the Restrictions On Competition**

    **(a) Duration and Scope**

In order for the Agreement to be enforceable, the duration and scope must be reasonably limited. McCann Surveyors, Inc., 611 A.2d at 3; Knowles-Zeswitz Music, Inc., 260 A.2d at 174. The duration of the Agreement is for a two-year period. Delaware has previously found a two-year limitation on competition to be reasonable. Knowles-Zeswitz Music, Inc. v. Cara, 260 A.2d at 174; McCann Surveyors, Inc., 611 A.2d at 3 (citing Tuttle v. Riggs-Warfield-Roloson, Inc., 246 A.2d 588 (Md. 1968). Thus, the two year duration is reasonable in this case.

    The scope of the Agreement must also be reasonably limited geographically. McCann Surveyors, Inc., 611 A.2d at 3; Knowles-Zeswitz Music, Inc., 260 A.2d at 174. In this case, the Agreement prevented Defendant Woolum from competing within a 25-mile radius of his former work location. Delaware decisional law has found a 30-mile radius to be reasonable. LewMor, Inc. v. Fleming, 1986 WL 1244, *3 (Del. Ch. 1986). Thus, the geographical scope of the Agreement is reasonable.

    **(b) Purpose and Operation**

In order for the Agreement to be enforceable, its purpose must be to protect legitimate interests of the employer, and its operation must reasonably protect those interests. McCann Surveyors, Inc., 611 A.2d at 3; Knowles-Zeswitz Music, Inc., 260 A.2d at 174. Courts have recognized that it is important to protect the legitimate economic interests of the employer. Research & Trading Corp., 1992 WL 345465, at

*12.  A central aspect of this analysis is a balancing of the harms that threaten the plaintiff and the consequences of specific enforcement to the defendant. McCann Surveyors, Inc., 611 A.2d at 4.

Disproportionate hardship to the party against whom enforcement is sought has always been regarded as a reason for refusing equitable remedies. Id. (citing 6A Corbin on Contracts § 1394 (1962)).  Before enjoining a former employee from earning his living in his customary trade or employment, the court should insure, not only that the former employee contracted to forbear and is guilty of a breach, but also that the former employer is suffering substantial harm, that the employee is soliciting former customers or otherwise depriving his employer of business goodwill that he has paid wages for helping to create, and that the employee will not be deprived of an opportunity to support himself and his family in reasonable comfort. Id. (citing 6A Corbin on Contracts § 1394 (1962)).

In this case, Panama City is a relatively small market area with a limited amount of competition.  The addition of a competitor providing diagnostic procedures would have a significant adverse impact on the Plaintiff's economic interest.  The covenant not to compete only restricts the Defendants from providing MRI procedures, CT scans, and x-rays.  If injunctive relief were granted, the Defendants would not be deprived of an economic opportunity and may still be self-supporting inasmuch as they would still be able to provide more advanced diagnostic procedures such as the PET scans that Defendants are currently offering.  The Defendants would not experience a disproportionate hardship.  Therefore, the balance of the equities under Delaware law favors the Plaintiff, and the covenant should be enforced.

### III. SUMMARY

The covenant not to compete satisfies the requirements of Delaware's two-step analysis for determining whether an employment agreement is enforceable. Under basic contract law, the covenant has adequate consideration. However, a genuine issue of material fact for trial remains as to whether Defendant Woolum was fraudulently induced to enter into the Agreement and whether the alleged failure of the Plaintiff to permit the exercise of Defendant Woolum's stock option constitutes a material breach of the Agreement.

Assuming the covenant is valid under ordinary contract principles, the Agreement cannot unreasonably restrict competition. The Agreement is reasonable in duration and geographic scope. In a balancing of the equities analysis, I find that Delaware law favors the Plaintiff.

### IV. CONCLUSION

Plaintiff's Motion for Summary Judgment (Doc. 89) is **GRANTED** in part, and **DENIED** in part as follows:

1. The covenant is supported by adequate consideration.

2. The Agreement is reasonable in duration and scope.

3. In a balancing of the equities analysis, Delaware law favors the Plaintiff.

4. The Defendants breached the covenant when soliciting Sara Stock in March 2007.

5. In order to exercise the stock option in the Agreement, Defendant Woolum shall give Plaintiff written notice of his intent to exercise his shares and tender a check to Plaintiff for the price of the shares.

6. A genuine issue of material fact for trial remains as to whether Defendant Woolum was fraudulently induced to enter into the Agreement.

7. A genuine issue of material fact for trial remains as to whether the alleged failure of the Plaintiff to permit the exercise of Defendant Woolum's stock option constitutes a material breach of the Agreement.

**ORDERED** on August 31, 2007.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**