UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MQ ASSOCIATES,

    Plaintiff,

vs.
                                                CASE NO. 5:07cv81/RS/MD

NORTH BAY IMAGING, LLC, and
BRUCE WOOLUM,

    Defendants.
_____/

## **FINAL JUDGMENT**

Before me is the Plaintiff's Proposed Findings of Fact (Doc. 128) and Defendants' Proposed Findings of Fact (Doc. 129).

### **I. FACTS**

Plaintiff specializes in magnetic resonance imaging ("MRI"), computed tomography ccans ("CT"), and x-rays. On January 1, 2003, Plaintiff and Defendant Woolum entered into the Optionee Non-Competition Agreement ("Agreement") that provided that Defendant Woolum would not, for a period of 24 months following the termination of his employment, solicit Plaintiff's employees or compete with Plaintiff within 25 miles of his former work locations. On February 26, 2006, Defendant Woolum submitted his resignation letter to Plaintiff, with an effective date of March 17, 2006.

After submitting his resignation letter, Defendant Woolum formed Defendant North Bay Imaging, LLC ("North Bay") and became its managing member. Defendant North Bay leased office space less than two miles from Plaintiff's Panama City Center. Defendant Woolum

admits he intended to offer MRIs, CT scans, and positron emission tomography ("PET") scans. Around March of 2007, Defendant Woolum solicited Sara Stock, one of Plaintiff's employees, to work for him.

Plaintiff filed a petition for a temporary restraining order against Defendant Woolum and Defendant North Bay on April 18, 2007. Following a hearing on April 24, 2007, I granted a preliminary injunction against Defendant Woolum and Defendant North Bay for soliciting Plaintiff employees and engaging in competing MRI and CT services. (Doc. 18). In a motion for summary judgment I determined that the Agreement is supported by valid consideration and is enforceable. (Doc.127). The remaining issue is the appropriate remedy.

## II. ANALYSIS

### A. Remedy

The Agreement provides in Section 2 that Defendant Woolum will not, for a period of 24-months following the termination of his employment, solicit Plaintiff's employees or compete with Plaintiff within 25 miles of his former work locations. The Agreement further states in Section 3 tha t if Defendant Woolum violates the provisions of Section 2, the Non-Compete Period shall continue until the expiration of a cumulative period of 24-months after the cessation of the violation. I have previously determined that the Agreement is enforceable; thus, the remedy stated in the Agreement should be applied.

### B. Solicitation

Defendant Woolum breached the covenant when soliciting Sara Stock in March 2007. An exact date of the conversation constituting the breach has not been determined. Due to this

breach, the Non-Compete Period continues for 24-months from the cessation of the violation. Thus, Defendant Woolum is enjoined from soliciting Plaintiff's employees until March 1, 2009.

**C. Compete**

While Defendant Woolum admits he intended to offer MRIs and CT scans, he has not offered these services to date. Defendant Woolum has not breached the restriction on competition with Plaintiff. Thus, the injunction runs from the termination of Defendant Woolum's employment with Plaintiff in accordance with the Agreement. Defendant Woolum is enjoined from competing with Plaintiff within 25 miles of his former work locations until March 17, 2008. This injunction only applies to the performance of services offered by Plaintiff during Defendant Woolum's employment for Plaintiff. Defendant Woolum is enjoined from offering MRIs, CT scans, and x-rays. Defendant Woolum is not enjoined from services Plaintiff did not offer during the time of his employment such as PET scans.

**D. Defendant North Bay**

Defendant North Bay was not a party to the Agreement. However, Defendant North Bay is not a wholly separate entity from Defendant Woolum. The injunctions apply to Defendant North Bay so long as there is any existing relationship between Defendant Woolum and Defendant North Bay. If all ties between the Defendants are severed, the injunctions will not apply to Defendant North Bay.

### III. SUMMARY

The Agreement is enforceable and its stated remedy is to be applied as follows:

1. Defendant Woolum is enjoined from soliciting Plaintiff's employees until March 1, 2009.

2. Defendant Woolum is enjoined from competing with Plaintiff within 25 miles of his

former work locations until March 17, 2008.  This injunction only applies MRIs, CT scans, and x-rays, not PET scans or other services not provided by Plaintiff during Defendant Woolum's employment.

3. The injunctions apply to Defendant North Bay so long as there is any existing relationship between Defendant Woolum and Defendant North Bay.

**ORDERED** on October 1, 2007.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**